IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| G. R. R. C.,<br><br>    Petitioner<br><br>v.<br><br>KURT WOLFORD, ET AL.<br><br>    Respondents. | 3:26-CV-00217-CCW |

## ORDER

Before the Court is a counseled Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Petitioner, a citizen of Guatemala, is currently detained at the Cambria County Prison. ECF No. 1 ¶ 18;  ECF No. 1-14.  He entered the United States without inspection as an unaccompanied minor on or about December 13, 2020. *Id.* ¶¶ 25, 26.  He was encountered by border patrol, detained, and released on an order of release on recognizance ("OREC") to his mother, who resided in New York. *Id.* ¶ 27.  Petitioner remained in the interior of the country for nearly five years, and no removal proceedings were initiated against him during that time. *Id.* ¶¶ 27–29.  On August 4, 2025, Petitioner was detained by U.S. Immigration and Citizenship Enforcement ("ICE") while they were executing a search for another individual in Chester, Pennsylvania. *Id*. ¶¶ 30-37.  The Department of Homeland Security ("DHS") initiated removal proceedings against Petitioner on August 4, 2025. *Id.* ¶ 38.

On August 21, 2025, an Immigration Judge ("IJ") ordered Petitioner's release from custody on a bond of $5,000. *Id*. ¶ 39; ECF No. 1-4.  DHS appealed the IJ's bond order to the Bureau of Immigration Affairs ("BIA").  ECF No. 1 ¶ 40.  The BIA, relying on its decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025), ruled that Petitioner was subject to mandatory detention under 8 U.S.C. 1225(b)(2) and sustained DHS' appeal to the IJ's order granting

Petitioner bond. *Id.* ¶ 47.[1] Petitioner's immigration proceedings are ongoing, and Petitioner remains in ICE custody. *Id.* ¶ 49. He now asserts that he is subject to discretionary detention pursuant to § 1226(a) and not mandatory detention under § 1225(b)(2) and therefore that he is entitled to release on bond under the terms already ordered by an immigration judge or, in the alternative, a new bond hearing.[2]

As a threshold matter, the Court agrees that Petitioner is subject to discretionary, not mandatory detention. Section 1226 applies to aliens who are "already present in the United States[,]" *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), while the mandatory detention provision of § 1225 governs detention of "applicants for admission" to the United States. *Bethancourt Soto v. Soto*, No. 25-CV-16200, 2025 WL 2976572, at *2 (D.N.J. Oct. 22, 2025). This Court joins the overwhelming majority of District Courts to hold that § 1226(a), rather than the mandatory detention provision of § 1225(b), applies to aliens similarly situated to Petitioner, who are not seeking admission at a port of entry but rather are already present in the Country. *See Singh v. Oddo*, No. 3:25-cv-00429, 2026 WL 73789, *4 (W.D. Pa. Jan. 9, 2026) (Brown, M.J.) (noting "growing consensus"). The Court does not find persuasive the recent decision of the United States Court of Appeals for the Fifth Circuit in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). Petitioner's detention is governed by § 1226(a) and he therefore has a statutory right to a bond hearing.

Furthermore, because an IJ has already determined that a $5,000 bond is sufficient to mitigate any flight risk, the Court will order Petitioner's release under the terms imposed by the IJ in the August 21, 2025 bond order, ECF No. 1-4. *See Moradel v. Noem*, No. 3:25-CV-327, 2025

---

[1] The BIA did not contest the IJ's determination that Petitioner is not dangerous or a flight risk. *Id.*; ECF No.1-8.
[2] To the extent Petitioner is required to exhaust administrative remedies, the Court finds that exhaustion would be futile in this case in light of the BIA's decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025).

WL 3718729, at *5 (W.D. Pa. Dec. 23, 2025) (Haines, J.) (ordering Petitioner released "on the conditions imposed by the IJ" in a bond order previously vacated by BIA); *Santana-Rivas v. Warden of Clinton Cnty. Corr. Facility*, No. 3:25-CV-01896, 2025 WL 3522932, at *13 (M.D. Pa. Nov. 13, 2025) (same).

Accordingly, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is GRANTED IN PART, as follows:

1. Respondents shall immediately release Petitioner under the terms set forth in the Immigration Judge's August 21, 2025 order, ECF No. 1-4.

2. IT IS FURTHER ORDERED that any motion for costs and fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. 2412(d) shall be filed within ten days of this Order.

3. IT IS FURTHER ORDERED that the Petition is DENIED in all other respects.

DATED this 11th day of March, 2026.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record